## MARKS *a*. BARD.

*Supreme Court, First District; General Term, November*, 1854.

JOINDER OF PARTIES.—COSTS.—FORM OF JUDGMENT.

It appearing upon the trial of an action brought against seven defendants, that five of them only were liable, the plaintiff moved to strike out the names of the other two. Motion granted with the addition that he pay their costs; and judgment rendered in favor of the two for their costs, and against the five for debt and costs. The allowance of costs to the two defendants severed, sustained on appeal.
The proper form of judgment in such a case

Appeal from an order.

The facts in this case sufficiently appear in the opinion of the court.

*A. R. Dyett*, for plaintiff.

*Messrs. Holden and Thayer*, for defendants.

MITCHELL, J.—The plaintiff sued E. H. Bard, and J. Bard, jr., with five other defendants, as joint makers of a promissory note. These two defendants, with four of the other defendants, put in an answer in which all six denied that the defendants made the note in question, or that the defendants were partners; and these two defendants also denied all facts stated in the complaint. At the trial the plaintiff moved to

strike out the names of these two defendants from the complaint, and to dismiss the action as to them, and his motion was granted with the addition that he pay one bill of costs to these two defendants. From the latter part of this order the plaintiff appeals.

It was a matter of course if his motion was granted, that the plaintiff should pay the costs of the judgment to be entered against him in favor of these two defendants. He himself asked to discontinue the action as to them : he thus asked to separate them from the other defendants, and became subject to the costs that would follow from that separation. If their joining with the other defendants in making a defence would ordinarily have compelled them to share the fate of those defendants, the plaintiff's own motion released them from that position. His complaint was joint as to all, and the answer followed it and was joint. His motion severed these defendants, so that his complaint was no longer to be deemed as joining them with the other defendants, and it must (to do justice) be deemed also to have severed the answers of these defendants also. If this were not so, still the permission to discontinue as to the two defendants, was in the discretion of the court, and was evidently granted only on condition that they be paid their costs. If the plaintiff had not accepted this condition, he would have been non-suited for suing as partners those who were not partners.

Judgment should be affirmed with costs.

CLERKE, J., concurred.

ROOSEVELT, J.—Technically the judgment should have been, a dismissal of the complaint with costs; with leave reserved to plaintiff to amend by striking out the two superfluous defendants on payment of their costs; and in that case judgment to be rendered against the other defendants with costs. Then, in either event the plaintiff must have paid the costs of those two defendants. Under the present judgment he does no more. The plaintiff moved. He has no substantial ground of complaint, and not being injured, he cannot appeal.